UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-60175-BB-1

UNITED STATES OF AMERICA

v.

SIMMIE WORTHY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON SUPERVISED RELEASE VIOLATIONS

### I.    Background

Defendant SIMMIE WORTHY ("Defendant") appeared before the undersigned on September 2, 2021, for a revocation hearing on the Superseding Petition for Offender under Supervision ("Petition") (ECF No. 36).

Defendant was originally convicted in the Southern District of Florida of possession with intent to distribute cocaine, 21 U.S.C. § 841 (a)(1), (b)(1)(C), a Class C felony. Thereafter, on October 25, 2018, United States District Judge Beth Bloom sentenced Defendant to fourteen months in prison followed by three years of supervised release. In addition, Judge Bloom imposed certain special conditions for the term of supervised release, including substance abuse treatment. Defendant's term of supervised release commenced on June 14, 2019. On December 4, 2020, the conditions were modified to include participation in the location monitoring program.

The Petition alleges that Defendant violated the following conditions of his supervised release:

**1.**     **Violation of Mandatory Condition,** by failing to refrain from violation of the law. According to the Petition, on or about September 8, 2020, in Broward County, Florida, Defendant committed the offense of Aggravated Assault with a Deadly Weapon without intent to kill, contrary to Florida State Statute 784.021-1A, Case Number 20009038CF10A.

[1]

2.   **Violation of Mandatory Condition,** by failing to refrain from violation of the law. According to the Petition, on or about September 8, 2020, in Broward County, Florida, Defendant a committed the offense of Aggravated Assault with a Deadly Weapon without intent to kill, contrary to Florida State Statute 784.021-1A, Case Number 20009038CF10A.

3.   **Violation of Special Condition,** by failing to participate in an approved treatment program. According to the Petition, on December 28, 2020, January 4, 2021, and January 11, 2021, Defendant failed to attend his scheduled appointments with Compass Health Systems, and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

4.   **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. According to the Petition, on January 9, 2021, Defendant had an unauthorized leave from his residence between 9:54 p.m. and 10:02 p.m.

5.   **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. According to the Petition, on January 9, 2021, Defendant had an unauthorized leave from his residence between 10:02 p.m. and 10:10 p.m.

6.   **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. According to the Petition, on January 10, 2021, Defendant had an unauthorized leave from his residence between 6:34 p.m. and 6:43 a.m.

7.   **Violation of Special Condition**, by failing to participate in the Location Monitoring Program. According to the Petition, on January 11, 2021, Defendant had an unauthorized leave from his residence between 3:30 a.m. and 3:49 a.m.

## II.    Summary of Hearing

Defendant appeared at the September 2, 2021 revocation hearing and was represented by counsel. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the undersigned advised Defendant of the alleged violations, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses.

After being advised of his rights and the potential maximum penalties he faces, Defendant admitted the allegations in Violation Numbers 3 through 7 in the Petition. Next, the undersigned questioned Defendant regarding his state of mind and whether he was under the influence of any drugs or alcohol. Having conducted a thorough colloquy with Defendant and having observed his demeanor, the Court finds that Defendant knowingly, intelligently, and voluntarily, and with the advice and

assistance of competent counsel, admitted the allegations in Violation Numbers 3 through 7. Accordingly, based on Defendant's admissions to Violation Numbers 3 through 7, and upon review of the record, the Court finds by a preponderance of the evidence that Defendant committed Violation Numbers 3 through 7 as alleged in the Petition. Lastly, the Government dismissed the remaining allegations in Violation Numbers 1 and 2, based on the absence of witness testimony or other corroborating non-hearsay evidence.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the District Judge find that Defendant has violated the terms and conditions of supervised release as alleged in Violation Numbers 3 through 7 of the Petition and proceed to sentencing the Defendant as to those violations.

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on September 9, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
All Counsel of Record